# Whether a Three-Day Recess by One Chamber of Congress Constitutes an Adjournment for Purposes of the Pocket Veto Clause

It is doubtful that a three-day recess by the Senate, with the House continuing in session, constitutes an adjournment by Congress that would "prevent [the] Return" of a bill that has been presented to the President under the Pocket Veto Clause of the Constitution.

March 16, 1934

LETTER OPINION FOR THE EXECUTIVE CLERK OF THE WHITE HOUSE

Following up our conversation, I have not had time to make a complete or satisfactory investigation of the important and interesting question presented by you, but we agree that the Bill to which you referred will become a law today "unless the Congress by their Adjournment prevent its Return," as provided in the Constitution.

The question then is whether a three-day recess by the Senate, with the House continuing in session, constitutes an adjournment by the Congress. Manifestly such a recess for three days constitutes a temporary adjournment by the Senate, but I doubt if an adjournment of the Congress thereby results.

The *Pocket Veto Case* clearly states that "the determinative question in reference to an 'adjournment' is not whether it is a final adjournment of Congress or an interim adjournment, such as an adjournment of the first session, but whether it is one that 'prevents' the President from returning the bill to the House in which it originated within the time allowed," 279 U.S. 655, 680 (1929), but it must be observed that there was in that case an actual adjournment of both Houses, and therefore of the Congress, which is not the situation before us now.

I find no clear decision, but if the President wishes to make sure of his veto, I think he should follow Senator Robinson's suggestion of disapproving[*] and returning the Bill, but if he should wish to obtain a clear-cut decision on the question presented, the opportunity is an excellent one for that purpose.[**] I should perhaps add that I have not had the opportunity of discussing this question with the Attorney General.

ANGUS D. MACLEAN
*Assistant Solicitor General*

---

[*] Editor's Note: The Unpublished Opinions of the Assistant Solicitor General include a cross-reference here to the opinion on the next page (*Exercising the Pocket Veto*, 1 Op. O.L.C. Supp. 26 (June 26, 1934)).

[**] Editor's Note: Four years later, in *Wright v. United States*, 302 U.S. 583 (1938), the Supreme Court addressed this precise question and ruled that a three-day recess by the Senate, while the House remained in session, did not constitute an adjournment that prevented the return of a bill.